THEODORE ARNE AND FLOTILLA ARNE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Arne v. Commissioner
Docket No. 2919-90
United States Tax Court
T.C. Memo 1992-299; 1992 Tax Ct. Memo LEXIS 322; 63 T.C.M. (CCH) 3056; May 20, 1992, Filed *322 Decision will be entered under Rule 155. Theodore Arne, pro se. Gary L. Bloom, for respondent. GOFFE
GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax and additions to tax as follows:
Theodore Arne and Flotilla Arne Additions to Tax Under Sections
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6653(a)(1)
6653(a)
6661
(A)
(1)(B)
1984
$12,646.57
N/A
$ 1,463.88
[1]
N/A
N/A
$3,162.00
Theodore Arne
Additions to Tax Under Sections
Year
Deficiency
6651(a)
6653(a)
6653(a)(2)
6653(a)(1)
6653(a)
6661
(1)
(A)
(1)(B)
1985
$178,833.00
$45,219.05
$9,500.15
[1] N/A   N/A
$ 44,708.25
1986
28,090.00
8,402.25
N/A  N/A
$ 2,080.45
[1] 7,022.50
*323 The issues for decision are: (1) Whether petitioner [1] is entitled to deduct unsubstantiated expenses purportedly incurred on rental and farm property. We hold that he is not entitled to unsubstantiated rental and farm expense deductions. (2) Whether petitioner is entitled to deduct various unsubstantiated itemized deductions. We hold that he is not entitled to these unsubstantiated deductions. (3) To what extent must petitioner recognize gain from the sale of real property. We uphold the Commissioner's computation of the gain realized which must be recognized. (4) Whether social security benefits paid to petitioner Theodore Arne are includable in gross income. We hold that they are. (5) Whether petitioner earned self-employment income which should have been included in gross income. We hold that he did. (6) Whether petitioner is liable for the addition to tax for delinquency because he was late in *324 filing his income tax return for 1985. We hold that he is liable. (7) Whether expiration of the periods of limitations bars assessment and collection of deficiencies in income tax against petitioners' taxable year 1984. We hold that the Commissioner is not barred by the statute of limitations. (8) Whether petitioner is liable for other additions to tax determined by the Commissioner. We hold that he is liable for the additions to tax.
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1984, 1985, and 1986, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits are incorporated by this reference. Petitioners were residents of Pittsburg, Kansas, at the time they filed their petition in this case. Taxable Year 1984
Petitioner Flotilla Arne filed a separate return for the taxable year 1984. She later joined in the filing of a joint return for 1984 with her husband, Theodore Arne. On Schedule A of their return, petitioners claimed itemized deductions in the net amount of $ 11,325.60.
The Commissioner, *325 in the statutory notice of deficiency, disallowed all of the itemized deductions except the following, which resulted in an increase in taxable income as indicated: Itemized Deduction
Amount Claimed
Taxes
$ 1,018.36 Interest
525.00 Miscellaneous deductions-
legal fees
9,300.00 $ 10,843.36 LESS: Zero bracket amount
(3,400.00)
7,443.36 Shown on return
11,326.00 INCREASE in taxable income
$ 3,883.64 The deductions were disallowed because the Commissioner determined that they were personal living expenses. On Schedule E of their return, petitioners reported rental income in the amount of $ 19,740 and claimed expenses in the amount of $ 24,649.47, resulting in a net loss of $ 4,909.47. In the statutory notice of deficiency, the Commissioner allowed the following deductions which resulted in an increase in taxable income as indicated: Expense Description
Amount
Advertising
$     15.10
Legal and professional fees
795.00
Repairs
943.65
Taxes
4,177.72
Utilities
819.65
Depreciation-prior year acquisitions
2,182.41
Depreciation-1984 acquisition
413.69
TOTAL allowable expenses
$ 9,347.22
LESS petitioners' claimed amount
24,649.47
INCREASE in taxable income
$ 15,302.25
*326 On Schedule F of their return, petitioners reported gross profit from the operations of their farm in the amount of $ 2,172, and they claimed deductions in the amount of $ 9,848, resulting in a net loss of $ 7,767.
In the statutory notice of deficiency, the Commissioner disallowed all of the deductions claimed on Schedule F for failure to substantiate. She also determined that the gross profit reported as farm income was self-employment income subject to self-employment tax. The Commissioner determined additions to tax for the taxable year 1984 for negligence and for substantial understatement of tax. Petitioners filed their return for the taxable year 1984 on October 17, 1985. On August 22, 1988, petitioners executed a Special Consent to Extend the Time to Assess Tax (Form 872-A). The form was executed on behalf of the Commissioner on August 25, 1988. Petitioners filed no Notice of Termination of Special Consent to Extend the Time to Assess Tax (Form 872-T) nor did they file any other document to terminate the special consent. The statutory notice of deficiency covering the taxable year 1984 was mailed on November 20, 1989. Taxable Year 1985
In July 1985, petitioner *327 sold 3.8 acres of property in Joplin, Missouri, for $ 800,000. Petitioner filed a Federal income tax return for the taxable year 1985, electing status as "married filing separate return". He did not report gain from the sale of the real estate in Joplin, Missouri, on his return, nor did he otherwise indicate on his return that he sold the property. The Commissioner, in the statutory notice of deficiency, determined that petitioner realized a long-term capital gain from the sale of the property computed as follows: Contract sales price
$ 800,000 LESS: Expense of sale-
Commission
$ 30,000
Cost of sale
730
Appraisal fee
150
30,880 $ 769,120 LESS: Section 1202 exclusion:
($ 769,120 x 60%)
(461,472)
INCREASE in taxable income
$ 307,641 Petitioner claimed itemized deductions in the amount of $ 12,646 on Schedule A of his return. In the statutory notice of deficiency, the Commissioner disallowed the deductions to the extent of $ 11,934, after application of the zero bracket amount, and increased taxable income in the amount of $ 11,934. These deductions were disallowed for lack of substantiation. On Schedule E of his return, petitioner *328 reported rental income in the amount of $ 20,140 and claimed deductions in the amount of $ 55,050, resulting in a net loss of $ 23,910. In the statutory notice of deficiency, the Commissioner allowed the following deductions, the net effect of which was to increase taxable income as indicated: Description
Amount
Taxes
$  4,749.93
Crocket oil
34.41
Repairs
326.65
Union gas/Stocker gas
333.00
Utilities
527.94
Depreciation-prior year acquisitions
2,182.41
Depreciation-1984 acquisition
579.17
TOTAL allowable expenses
$  8,733.51
LESS petitioners' claimed amount
44.050.00
INCREASE in taxable income
$ 35,316.49
On Schedule F of his return, petitioner claimed deductions totalling $ 5,250. The Commissioner, in the statutory notice of deficiency, disallowed all of the deductions claimed because of petitioner's failure to establish that they were ordinary and necessary and because petitioner failed to establish that the expenditures were made for the purposes indicated on the return. The Commissioner determined that the farm income reported by petitioner in the amount of $ 800 represented self-employment income subject to self-employment tax. Petitioner received an *329 extension of time to October 15, 1986, for filing his return for the taxable year 1985. He filed his return on December 3, 1986. The Commissioner determined that petitioner was liable for the addition to tax for late filing of his return. She determined additions to tax for the taxable year 1985 for negligence and substantial understatement of tax. Taxable Year 1986
Petitioner filed a Federal income tax return for the taxable year 1986, electing status as "married filing separate return". On Schedule A of his return he claimed itemized deductions in the amount of $ 12,544.41 which the Commissioner disallowed in full in the statutory notice of deficiency. On Schedule E of his return, petitioner reported rental income in the amount of $ 2,100. The Commissioner, in the statutory notice of deficiency, determined that petitioner received $ 21,000 in rental income. Petitioner claimed deductions on Schedule E in the amount of $ 31,890. The Commissioner allowed the following deductions which resulted in the indicated increase in taxable income: Description
Amount
Taxes
$  3,975.66
Crocket Oil
45.08
Repairs
667.50
Union Gas/Stocker Gas
99.80
Utilities
723.89
Legal
76.50
Depreciation-prior year acquisitions
2,182.41
Depreciation-1984 acquisition
606.75
TOTAL allowable expenses
$  8,377.59
LESS petitioners' claimed amount
31,890.00
INCREASE in taxable income
$ 23,512.41
*330 On Schedule F of his return, petitioner claimed deductions totalling $ 4,720. The Commissioner disallowed the deductions in full because of petitioner's failure to establish that the deductions claimed were for ordinary and necessary business expenses related to farming or that they were expended for the purposes designated. Petitioner reported $ 1,075 on Schedule F as income from farming. The Commissioner determined that this amount represented self-employment income subject to self-employment tax. Petitioner received $ 2,500 in social security benefits in 1986 but did not report them on his income tax return. The Commissioner determined that one-half of the benefits received, or $ 1,250, was taxable as income. Petitioner received an extension of time to October 15, 1987, for filing his income tax return for the taxable year 1986. He filed his return on November 16, 1987. The Commissioner determined an addition to tax late filing of petitioner's return. In addition, she determined additions to tax for negligence and substantial understatement of tax. OPINION Petitioners allege in their petition that the periods of limitation on assessment expired before the statutory *331 notices of deficiency were mailed to them. Petitioners filed their return for the taxable year 1984 on October 17, 1985. They extended the time for assessment of tax for that year by executing a special consent on August 22, 1988, which was before the expiration of the 3-year period of limitation on assessment. They never terminated the period extended for assessment; therefore, the statutory notice mailed to petitioners on November 20, 1989, was timely. Sec. 6501(a). Petitioner's return for the taxable year 1985 was filed on December 3, 1986, and his return for the taxable year 1986 was filed on November 16, 1987. The statutory notice of deficiency covering the taxable years 1985 and 1986 was mailed to petitioner on November 20, 1989, which was within the 3-year period of limitation on assessment of tax for the taxable years 1985 and 1986 and was, therefore, timely. Sec. 6501(a). Petitioner offered no credible evidence to support the deductions which were disallowed by the Commissioner. He bears the burden of proving that he paid the amounts deducted and that they were for the purposes indicated on the returns and such purposes either qualify as itemized deductions or business *332 deductions. The Commissioner's disallowance of these deductions is, therefore, sustained. Petitioner offered no evidence to establish that the amounts reported by him as farm income did not constitute self-employment income subject to self-employment tax. The Commissioner is sustained on this issue. Petitioner sought to introduce into evidence numerous documents which have nothing to do with the issues in this case. Respondent objected to their receipt into evidence, and we sustain respondent's objections. There would be no useful purpose in listing the documents in this opinion. Petitioner claimed at trial that his tax preparer died and the firm for which the preparer worked never returned a "box of paper and files" to him. This box presumably contains the documents necessary to substantiate the deductions which the Commissioner disallowed. No one from the firm was called to testify, nor did petitioner introduce any evidence to show that he made an effort to retrieve this alleged box of files. Because he failed to produce documentary evidence essential to a finding in their favor, we must assume that such evidence, if offered by petitioner, would have been unfavorable. *333 , affd. . [2]
Also at trial, there was some speculative testimony regarding improvements to the 3.8 acres of property which petitioner sold in 1985 for $ 800,000. Petitioner testified that he had a building constructed on the property made of cement block "stuccoed outside and plastered in". He thinks this may have been built in the 1950's. Petitioner also claimed to have had additional grading on the property with dirt supplied by the "WPA" in 1946, but no record of this or any other improvement was produced at trial. A taxpayer's basis in property is the property's cost. Sec. 1012. Adjustments to this basis may be made for expenditures, receipts, losses, or other items properly chargeable to a capital account. Sec. 1016(a). The burden of proof is upon the taxpayer to establish his basis in the property. *334 Rule 142(a). Petitioner in the instant case has not satisfied his burden of proof in establishing the price he paid for the 3.8 acres of land, nor has there been any attempt to quantify the cost of the improvements to his property. Accordingly, we sustain respondent's determination with regard to petitioner's gain from the sale of this property. In the alternative, petitioner argued in his petition that there should be an adjustment to the basis in the real property because he inherited the property from his brother. Sec. 1014. At trial, however, petitioner conceded that title to the property has been in his name since it was acquired in 1929 or 1930. These facts do not justify any adjustment to the cost basis of the property. Respondent determined that petitioner is liable for additions to tax for failure to timely file returns for 1985 and 1986. Again, petitioner bears the burden of proving that he is not liable for additions to tax. Rule 142(a). He has failed to introduce any evidence whatsoever on this issue. Accordingly, we sustain respondent's determination. Respondent also determined that petitioner is liable for additions to tax for negligence or intentional disregard *335 of rules and regulations, and for underpayments of estimated tax. Negligence is defined as the failure to exercise the due care of a reasonable and ordinarily prudent person under like circumstances. . Petitioner bears the burden of proving that he is not liable for these additions to tax. Rule 142(a); ; . He did not offer any evidence that would satisfy his burden. Accordingly, petitioner is liable for these additions to tax. Respondent also determined additions to tax under section 6661. Section 6661(a) provides for an addition to tax in an amount equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. ; . An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). The understatement is reduced if it is based *336 on substantial authority or is adequately disclosed on the return or in a statement attached to the return. Sec. 6661(b)(2)(B). On this record there is no basis for a reduction of the understatement, and we sustain respondent's determination for substantial understatements of income tax. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the deficiency.↩
1. 50 percent of the interest due on the deficiency.↩
1. At trial, on respondent's motion, this Court dismissed Flotilla Arne for failure to prosecute with respect to 1984. We will enter an appropriate order and decision. Accordingly, further references to petitioner in the singular will mean Theodore Arne.↩
2. . ↩